UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY LOMELI (1),<br><br>                                 Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>                                 Respondent. | Civil No.: 16cv01659 JAH<br>Criminal No. 12cr02791 JAH<br><br>**ORDER DENYING MOTION TO VACATE** |

      Petitioner Tony Lomeli filed a motion challenging his sentence under 28 U.S.C. section 2255. Respondent filed a response. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion.

## BACKGROUND

      On May 30, 2014, Petitioner was convicted by a jury of unlawful possession of a firearm in violation of 18 U.S.C. sections 922(g)(1) and 924(a)(2) and conspiracy to distribute methamphetamine in violation of 21 U.S.C. sections 841(a)(1) and 846. See Verdict (Doc. No. 588). This Court sentenced Petitioner to 10 years for unlawful possession of a firearm and 312 months for conspiracy to distribute methamphetamine to be served concurrently, followed by 10 years of supervised release. See Judgment (Doc. No. 779). Petitioner appealed the sentence and the Ninth Circuit Court of Appeals affirmed

1

the Court's judgment. Thereafter, Petitioner filed a motion seeking to vacate or modify his sentence. Later, he filed a request seeking to amend his motion to add two grounds for relief. The Court granted the motion and Respondent filed a response.

## DISCUSSION

Petitioner moves to vacate or modify his sentence based upon the Supreme Court's ruling in Johnson v. United States, 135 S.Ct. 2551 (2015), ineffective assistance of counsel and denial of his Fourteenth Amendment right to equal protection of the law.

### I. Legal Standard

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

### II. Analysis

### A. Johnson

Petitioner argues his sentence was enhanced based on a prior felony conviction under the residual clause invalidated by the Supreme Court in Johnson.

Respondent contends the Johnson decision is inapplicable to Petitioner's case because he was not sentenced under the Armed Career Criminal Act ("ACCA"). Respondent maintains Petitioner's guideline range for unlawful possession of a firearm was not calculated because, pursuant to USSG § 3D1.3, in the case of grouped counts, the count yielding the highest offense level is used and, in Petitioner's case, that was the conspiracy count. He received the statutory maximum sentence of ten years for unlawful possession of a firearm which was not enhanced and is unrelated to any provision of the Sentencing Guidelines identically worded to the ACCA clause that the Supreme Court struck down as unconstitutionally vague in Johnson. Similarly, Respondent contends Petitioner's conspiracy sentence did not relate to any provision of the Sentencing Guidelines identically worded to the ACCA clause struck down by the Supreme Court in

Johnson. Respondent maintains the penalty enhancement Petitioner received pursuant to 21 U.S.C. section 841(b)(1)(A) established a 20-year mandatory minimum for the conspiracy count and was related exclusively to Petitioner's prior conviction for a felony drug offense and argues Petitioner's guidelines were calculated under USSG section 2D1.1, which does not contain a residual clause.

Additionally, Respondent argues, as the Ninth Circuit has concluded, Petitioner's below guideline sentence was substantially reasonable and falls within the range suggested in his own sentencing summary chart.

In Johnson, the Supreme Court held that the "residual clause" of the ACCA, which authorized a sentence enhancement based on a finding that a defendant's prior conviction "present[ed] a serious potential risk of physical injury to another," was unconstitutionally vague and could not be relied upon to enhance a sentence. 135 S.Ct. 1557. The Court determined the decision in Johnson was substantive and has retroactive effect on collateral review in Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016).

At the sentencing hearing, the Court applied a base offense level 36, +2 for use of a dangerous weapon, +2 for credible threat of use of violence, +2 for importation of methamphetamine, +2 for witness intimidation, and +4 for aggravating role, resulting in a offense level of 48. The Court determined Petitioner's history category as VI because he was designated a career offender which resulted in a range of life to life. The Court found the guideline range did not reflect a reasonable range and sentenced Petitioner to 312 months on the conspiracy count. The Court also sentenced Petitioner to 10 years on the unlawful possession count, to be served concurrent to the conspiracy count.

Petitioner was not sentenced under the ACCA and, therefore, the Supreme Court's decision in Johnson is inapplicable to his sentence. Accordingly, Petitioner is not entitled to relief.

**B. Ineffective Assistance of Counsel**

Petitioner contends he received ineffective assistance of counsel because his attorney failed to seek a valid defense, failed to object to an overstated presentence report, failed to

secure or negotiate a plea, failed to investigate the facts of the case to produce a valid defense and incriminated him during trial.

Respondent argues Petitioner fails to demonstrate his counsel was ineffective. Specifically, Respondent argues the record of trial undercuts Petitioner's assertions that counsel failed to investigate the facts of the case and failed to produce a valid defense. Respondent maintains the United States introduced overwhelming evidence including extensive wiretap evidence, seized drugs from enforcement operations, testimony of four cooperating witnesses, video and audio of Petitioner engaging in a firearm sale, testimony from numerous agents who conducted surveillance and searched residences, and the contents of a safe that held 1264 grams of methamphetamine, a handgun and a birth certificate in the name of "Antonio Lomeli Ceja." Additionally, Respondent maintains counsel challenged the evidence by cross-examining the witnesses vigorously, attempting to call witnesses to testify in support of his multiple conspiracy defense, moving to suppress evidence and successfully moving to suppress evidence of a firearm found in Petitioner's trunk.

Respondent further argues counsel was not ineffective when he conceded the felon in possession charge during the closing argument because he applied a strategy of conceding weaknesses to build credibility which has been approved by the Ninth Circuit and the Supreme Court.

Additionally, Respondent argues Petitioner's unspecified claim that counsel was ineffective for failing to negotiate a plea is legally and factually unsound. Respondent contends the Ninth Circuit noted there is no legal basis for a right to receive an accurate prediction of the outcome of a case or to an obligation to strongly recommend the acceptance of a plea offer.

Respondent also contends Petitioner fails to point to any portion of the presentence report that was inaccurate. Respondent maintains counsel presented a vigorous case in mitigation at sentencing and later challenged the Court's sentence on appeal, and the Ninth Circuit found the sentence procedurally and substantively sound.

The Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated the test for determining whether a criminal defendant's counsel rendered constitutionally ineffective assistance. To sustain a claim of ineffective assistance, a petitioner has the burden of showing (1) that his or her defense counsel's performance was deficient, and (2) that the deficient performance prejudiced his or her defense. Id. at 690-92; Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir. 1995). Petitioner must prove both elements. With respect to the first prong, the petitioner must demonstrate his counsel's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. When evaluating an attorney's performance, the reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court may reject Petitioner's claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. Id. at 697. The Strickland test applies to federal collateral proceedings. Id. at 697.

Counsel must conduct a reasonable investigation or "make a reasonable decision that makes particular investigations unnecessary." Id. at 691. However, the duty to investigate and prepare a defense is not limitless and does not require counsel to interview every possible witness or pursue "every path until it bears fruit or until all conceivable hope withers." United States v. Tucker, 716 F.2d 576, 584 (9th Cir. 1983) (quoting Lovett v. Florida, 627 F.2d 706, 708 (5th Cir.1980)). Without any argument, Petitioner states counsel was ineffective for failing to conduct an investigation and present a defense. His failure to provide any information as to what an investigation would have discovered is fatal to this ground for habeas relief. See Greenway v. Schriro, 653 F.3d 790, 804 (9th Cir. 2011) (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). The strong evidence presented by the government at trial further illustrates that Petitioner fails to meet his burden to

demonstrate counsel's performance was deficient. See Eggleston v. United States, 798 F.2d 374, 376 (9th Cir. 1986) ("[I]neffective assistance claims based on a duty to investigate must be considered in light of the strength of the government's case). Additionally, the record of the trial proceedings shows counsel did present a defense.

Petitioner's assertion that his counsel was ineffective for failing to object to the "overstated" pre-sentence report similarly fails. He does not explain how the report was inaccurate or otherwise identify what information required an objection by his counsel. As such, Petitioner fails to meet his burden of showing his counsel's performance was deficient.

Again, without any argument in support, Petitioner contends his counsel was ineffective for failing to secure or negotiate a plea. The right to effective counsel extends to plea negotiations. Lafler v. Cooper, 566 U.S. 156, 162 (2012). In this matter, Petitioner went to trial. He does no argue he rejected a plea offer on advice of counsel or even explain whether a plea was offered. Criminal defendants have no constitutional right to be offered a plea. Lafler, Id. at 168 (quoting Missouri v. Frye, 566 U.S. 134, 148 (2012)); Weatherford v. Bursey, 429 U.S. 545, 561 (1977). Even assuming there were plea negotiations, there are no facts presented to allow the Court to evaluate counsel's performance during those negotiations. As such, Petitioner fails to demonstrate counsel's performance was deficient.

Without explanation, Petitioner contends counsel was ineffective when he incriminated Petitioner during trial. Respondent contends counsel conceded to the felon in possession charge during closing arguments which was an accepted tactical decision. During closing argument, counsel made the following statement:

> There is no dispute that on January 11th, 2012, that Mr. Lomeli was in possession of firearms, and he was prohibited from doing so. There is no dispute, and that's not something I'm going to argue to you all today.
>
> What I am going to argue from that very point, many of the facts can be seen very differently. So the government has taken the position that everything they have thrown out there equals all but one conspiracy. And you'll recall that when I first came up and spoke with you, I indicated that details matter, because with regard to

one of those counts, the government did choose to charge one conspiracy to distribute methamphetamine. They didn't charge a conspiracy to distribute firearms. A conspiracy, one conspiracy to distribute methamphetamine.

Reporter's Transcript ("RT") at 42:21-43:9.

A concession by counsel to facts or criminal acts for which there is strong evidence can be part of a sound trial strategy. See United States v. Fredman, 390 F.3d 1153, 1154, 1158 (9th Cir. 2004) (Finding the "confession and avoidance" tactic of conceding weaknesses in an attempt to shift the jury's focus from strong evidence to issues more favorable to the defense by admitting the defendant cooked methamphetamine but denying he was involved in a conspiracy to manufacture methamphetamine was a reasonable defense strategy.); Yarborough v. Gentry, 540 U.S. 1, 9 (2003) (Determining counsel's comments at trial that if they believed the defendant was telling the truth, even though he was a "bad person, lousy drug addict, stinking thief, jail bird" they must acquit, was a reasonable tactic that may have built credibility and help the jury focus on the relevant facts of the case.). Here, counsel conceded to the felon in possession of a firearm charge during his closing argument but attacked the conspiracy to distribute methamphetamine charge. There was overwhelming evidence to support the felon in possession charge, namely, Petitioner's prior conviction of a crime punishable by imprisonment for a term of a year or more, testimony from two HSI agents that they purchased weapons from Petitioner during an undercover operation, photos of the weapons and testimony from an ATF agent that he examined the weapons and determined they met the definition of "firearm" under the relevant statute and the weapons traveled through interstate commerce. RT 78:19-23, 100:11-101:23, 107:22-110:6, 111:19-112:5. Counsel's strategy of admitting to the crime for which there was overwhelming evidence to focus the jury on the weakness of the conspiracy charge was reasonable and does not constitute ineffective assistance of counsel.

Petitioner fails to meet his burden to demonstrate he received ineffective assistance of counsel. According this ground for relief fails.

//

## C. Equal Protection

In his final ground for relief, Petitioner argues he was denied equal protection of the law when the Court denied counsel's motion for a mistrial after the government introduced irrelevant evidence that poisoned the jury, and instead instructed the jury to disregard the evidence. Respondent argues the Court should not reach the merits of this claim because Petitioner procedurally defaulted by not raising it on appeal and Petitioner fails to establish cause and prejudice to overcome the default.

A federal prisoner who fails to raise a claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain relief under section 2255. Bousley v. United States, 523 U.S. 614, 622 (1998). To show cause, a petitioner must "show that some factor external to defense impeded counsel's efforts to comply with. . .[a] procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner did not respond to Respondent's argument that this clam is procedurally defaulted. However, in his amended motion, Petitioner states counsel did not raise this issue on appeal. "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it does not constitute cause for procedural default." Id. at 486. Petitioner also fails to establish ineffective assistance of counsel to support cause for the procedural default.

Additionally, Petitioner fails to demonstrate actual innocence to obtain relief from the default. As such, he is not entitled to habeas relief.

## III. Hearing

Respondent maintains Petitioner's claim does not merit a hearing. This Court finds the record conclusively establishes Petitioner is not entitled to relief. Accordingly, there is no basis for an evidentiary hearing. See 28 U.S.C. § 2255(b).

## IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial

of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue certificates of appealability under AEDPA). A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further. Lambright v. Stewart, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing Slack v. McDaniel, 529 U.S. 473 (2000); Barefoot v. Estelle, 463 U.S. 880 (1983)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner. This Court further finds that no questions are adequate to deserve encouragement to proceed further. Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence is **DENIED**; and

2. Petitioner is **DENIED** a certificate of appealability.

DATED: September 18, 2019

_____
JOHN A. HOUSTON
United States District Judge

9

16cv01659 JAH