UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>TONY LOMELI,<br><br>                            Defendant. | Case No.: 3:12-cr-02791-JAH<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**<br><br>**(ECF No. 933).** |

## I.  INTRODUCTION

Pending before the Court is Defendant Tony Lomeli's ("Defendant") Motion for Compassionate Release.  ("Mot.", ECF No. 933).  Plaintiff United States of America (hereinafter, the "Government") filed a response in opposition.  ("Opp'n.", ECF No. 938). Defendant filed a reply in support of his motion. ("Reply", ECF No. 944).  After a careful review of the motion, exhibits, and responses submitted, and for the reasons set forth below, IT IS HEREBY ORDERED Defendant's Motion for Compassionate Release is **DENIED**.

## II.  BACKGROUND

On September 28, 2012, a grand jury returned a five-count Superseding Indictment charging Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); and Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ("Indictment", ECF No. 24).  On May 30, 2014, a jury

1

found Defendant guilty of Unlawful Possession of a Firearm and guilty of Conspiracy to Distribute Methamphetamine. ("Jury Verdict", ECF No. 588). The Court imposed a sentence of 312-months, and 120-months in custody, respectively, with the sentences to run concurrently. ("Judgment" ECF No. 779).

On July 2, 2020, Defendant filed a motion for compassionate release. (ECF No. 909). Defendant's request was based on his potential exposure to COVID-19 and allegations he was housed with inmates who have tested positive for COVID-19. (*Id.*) On February 9, 2021, this Court denied Defendant's motion for failure to provide an "extraordinary and compelling reason" warranting compassionate release in light of Defendant's self-reported good health. (ECF No. 909 at 3).

Defendant filed a renewed motion for compassionate release on June 27, 2022, asserting hypertension, obesity, and high cholesterol are "extraordinary and compelling reasons" warranting relief. (*See generally*, Mot.).

### III. LEGAL STANDARD

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The amendment to § 3582(c)(1)(A) provides prisoners with two direct routes to court: (1) file a motion after fully exhausting all administrative rights to appeal a failure of the Bureau of Prison's decision not to bring a motion on defendant's behalf, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, "whichever is earlier." *See* 18 U.S.C. § 3852(c)(1)(A). Thereafter, the Court may determine whether "extraordinary and compelling reasons warrant such a reduction" and whether "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (*Id.*) The Court also considers whether a reduction would be consistent with the § 3553(a) factors.

"As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction." *United States v. Rupak*, No. 16-CR-01333-BAS-1, 2022 WL 65171, at *3 (S.D. Cal. Jan. 6, 2022) (citing *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020)).

## IV.   DISCUSSION

### A. Exhaustion of Administrative Remedies

A court may reduce a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Defendant represents that he sent an electronic request for compassionate release on May 18, 2022, to the Warden of FCI Lompoc. (Mot. at 6). He further represents that he has not received a response to his request. (*Id.*) As such, the Court finds that Defendant has satisfied the requirement that he exhaust any available administrative remedies because more than thirty-days has elapsed since FCI Lompoc's Warden received Defendant's request. Accordingly, the Court proceeds to review Defendant's motion on the merits.

### B. Defendant Fails to Demonstrate Extraordinary and Compelling Reasons Warranting Compassionate Release

Defendant argues that his heightened risk of facing severe illness upon contracting COVID-19 warrants compassionate release. (Mot. at 8). Defendant views his obesity, hypertension, and pre-diabetic medical conditions, coupled with the poor facilities at FCI Lompoc[1], as extraordinary and compelling reasons that justify granting his motion. (*Id.*)

---

[1]   Defendant also relies on *Garries v. Milusnic*, No. CV 20-4450-CBM-PVCx (C.D. Cal. June 20, 2022) in support of his motion. In *Garries*, a class action lawsuit was brought on behalf of inmates at FCC Lompoc who are medically vulnerable to COVID-19. A settlement has been reached, and the Warden of FCC Lompoc is required to, *inter alia*, have all members of the settlement class reviewed for home confinement. *Garries*, No.

The Government argues that this Court has previously found hypertension, obesity, and pre-diabetes are not extraordinary and compelling warranting compassionate release. (Opp'n. at 13).

A Court may reduce a defendant's sentence if it finds that "extraordinary compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Though the Sentencing Commission's original policy statements are not binding,[2] they are informative and provide illustrative examples of extraordinary and compelling reasons, such as a "serious physical or medical condition," "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process," any of which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13(1)(A)(ii), Application Note 1(A)(ii) (last revised May 10, 2021)).

### i. Defendant's Medical Conditions Are Not Considered an Extraordinary and Compelling Reason Warranting Relief

Defendant argues that his medical conditions may lead to severe COVID-19 outcomes. (Mot. at 8). First, Defendant states that obesity and his high body mass index

---

CV 20-4450-CBM-PVCx, ECF No. 863. However, for the reasons contained herein, the Court does not find *Garries* relevant.

[2]   Instead of providing a statutory definition for "extraordinary and compelling reasons", Congress "delegated that responsibility to the U.S. Sentencing Commission", which has been unable to update its definition of extraordinary and compelling reasons' following passage of the First Step Act that Amended § 3582(c)(1)(A)." *Rupak*, 2022 WL 65171, at *3 (citing *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021)) (Because the Sentencing Commission has not issued a revised policy statement after the enactment of the First Step Act, courts have generally held that there is no binding policy statement applicable to defense-initiated motions). *See e.g., United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

(BMI) of 32.5 increase his risk of severe COVID-19 outcomes. (Mot. at 34). However, this Court has previously determined that obesity is not an extraordinary and compelling reason warranting a reduction in sentence. *See United States v. Poutua*, No. 3:16-CR-00875-JAH, ECF No. 707 (S.D. Cal. Apr. 27, 2016) (finding that a high body mass index is not an extraordinary and compelling circumstance warranting a reduction in sentence); *see also United States v. Villalobos-Torres* No. 3:18-CR-03243-JAH, ECF No. 76 (S.D. Cal. Jul. 07, 2022) (even with hypertension and obesity, Villalobos-Torres' medical conditions are not extraordinary and compelling); *United States v. Villarreal* No. 3:08-CR-1332-JAH, ECF No. 599 (S.D. Cal. Mar. 24, 2022) (declines compassionate releases for inmate suffering from multiple medical conditions including hypertension, high A1C levels, post-traumatic stress disorder and "is overweight"). As such, this Court maintains that obesity does not qualify as an "extraordinary and compelling" reason warranting compassionate release.

Next, Defendant asserts hypertension is a medical condition that will lead to an increased risk of severe COVID-19 outcomes. (Mot. at 34). However, this Court maintains that ordinary hypertension, unlike pulmonary hypertension, is not generally recognized as a basis for compassionate release. *See e.g., United States v. Villarreal*, No. 3:08-CR-1332-JAH, ECF No. 600 (S.D. Cal. Mar. 24, 2022). Defendant's medical records only indicate a diagnosis of ordinary, or essential, hypertension. (*See* ECF No. 943 at 8.) Accordingly, without more, Defendant fails to establish his diagnosis is extraordinary and compelling.

Finally, Defendant argues that his pre-diabetic status can lead to an increased risk of severe COVID-19. (Mot. at 6). However, CDC guidelines[3] do not include pre-diabetes as

---

[3] *See Assessing Risk Factors for COVID-19*, Center for Disease and Control, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/assessing-risk-factors.html, last visited October 5, 2022. The Court takes judicial notice of this information. *Dubrin v. Cty. Of San Bernardino*, No. 15-589, 2017 WL 8940181, at *21 n.14 (C.D. Cal. Sept. 7, 2017), report and recommendation adopted, 2017 WL 4339645 (C.D. Cal. Sept. 29, 2017) ("The Court may take judicial notice of the

a medical condition that would place an individual at an increased risk of complications if exposed to COVID-19. As such, this Court joins other courts in finding pre-diabetes is not a serious medical condition considered to be an "extraordinary and compelling reason" warranting relief. *See e.g.*, *United States v Valdes*, No. 3:15-CR-02822-CAB, ECF No. 343 (S.D. Cal. May 18, 2020) (denying compassionate release to defendant who is 55 years old, pre-diabetic and borderline obese); *United States v. Lara-Villaruya,* No. 3:18-CR-03425-GPC, ECF No. 112 (S.D. Cal. November 20, 2020) (denying compassionate release to 59-year-old man that suffers from poor blood circulation, osteoporosis, and pre-diabetes).

Accordingly, individually and in combination with his other conditions, Defendant's conditions of hypertension, obesity, and pre-diabetes are not considered serious medical conditions warranting compassionate release.

    **ii.  Defendant's General Concerns of Exposure to COVID-19 Are Not an Extraordinary and Compelling Reasons Warranting Compassionate Release**

Defendant next argues that conditions of prison confinement foster an environment conducive to the spread of COVID-19.[4] (Mot. at 6). Though the Court is sympathetic to Defendant's concerns about COVID-19 exposure, general concerns or fear of COVID-19 are not an extraordinary and compelling reason warranting relief. *See e.g.*, *United States v. Eberhard*, 2020 WL 1450745, at *2 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement").

---

CDC information, which is not subject to reasonable dispute, in part, because it is readily determined from a source the accuracy of which cannot reasonably be questioned (i.e., the CDC website).").

[4] Because the Court has determined that Defendant's medical conditions do not qualify as an "extraordinary and compelling reason," under 18 U.S.C § 3582(c)(1)(A), the Court will not examine whether Defendant satisfies the factors set out in § 3553(a).

Furthermore, FCI Lompoc reports zero active cases among inmates, and six active cases among staff. *See COVID-19,* BOP, https://www.bop.gov/coronavirus/ (last visited October 26, 2022).[5]

Accordingly, taken together, Defendant's medical conditions and general concerns regarding COVID-19 exposure at FCI Lompoc are not "extraordinary and compelling" warranting relief.

## V.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED Defendant's Motion for Compassionate Release is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 7, 2022

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

[5] This Court takes judicial notice of the BOP coronavirus update and considers the number of cases reported by the BOP. *See United States v. Laborin*, 2020 WL 5909493, at *1, n.3 (E.D. Cal. Oct. 5, 2020); *see also United States v. Miles*, No. 2:17-CR-00127-KJM, 2020 WL 3256923, at *1, n.1 (E.D. Cal. June 16, 2020) (explaining that like "other courts, this court takes judicial notice of the information presented by the BOP at https://www.bop.gov/coronavirus/") (citation omitted); *United States v. Ortiz*, No. 2:15-CR-00124 KJM, 2021 WL 1089949, at *5 (E.D. Cal. Mar. 22, 2021).